IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROGER THOMAS,
     Petitioner,

vs.                                 Case No.:  3:10cv268/LAC/EMT

SEC'Y, FLA. DEP'T OF CORR.,
     Respondent.
_____/

## REPORT AND RECOMMENDATION

      This cause is before the court on Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. 1).  Respondent filed an answer and relevant portions of the state court record (doc. 13).  Petitioner filed a reply (doc. 18).

      The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

I.      BACKGROUND AND PROCEDURAL HISTORY

      The relevant aspects of the procedural background of this case are undisputed and established by the state court record (*see* doc. 13; doc. 18 at 2).[1]  Petitioner was charged in the Circuit Court in and for Escambia County, Florida, Case No. 2005-CF-1240, with one count of DUI manslaughter, a second degree felony (Count 1), one count of DUI causing serious bodily injury, a third degree felony (Count 2), one count of DUI causing damage to property, a misdemeanor (Count 3), and one count of

---

[1] Hereinafter all citations to the state court record refer to the exhibits submitted with Respondent's answer (doc. 13).  If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

DUI third conviction within ten years after a prior conviction, a third degree felony (Count 4) (Ex. D). Pursuant to a written plea agreement, Petitioner agreed to enter a plea of nolo contendere to Counts 1, 3, and 4 as charged and to the lesser included offense of DUI with injury, a misdemeanor, as to Count 2, in exchange for the State's recommending a total sentence of 134.8 months in state prison followed by five (5) years of probation (Ex. F).  The trial court conducted a colloquy and accepted Petitioner's plea (Ex. R).  On March 31, 2006, Petitioner was adjudicated guilty and sentenced in accordance with the plea agreement, plus pre-sentence jail credit of 219 days (Exs. G, Q).[2]  Petitioner did not appeal the judgment.

On May 14, 2006, Petitioner filed a motion to correct illegal sentence, pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure, contending he was entitled to an additional 167 days of pre-sentence jail credit (Exs. H, J).  The same day, he filed a motion for reduction or modification of sentence, pursuant to Rule 3.800(c), requesting leniency from the court and early release (Ex. I).  The state circuit court summarily denied both motions on May 30, 2006 (Exs. K, L). Petitioner did not appeal.

On March 15, 2007, Petitioner filed another Rule 3.800(c) motion requesting leniency from the court and early release (Ex. N).  The state circuit court summarily denied the motion on April 4, 2007 (Ex. M).

On August 16, 2007, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. O).  The state circuit court summarily denied the motion on November 27, 2007 (Ex. S).  Petitioner did not appeal.

On August 28, 2007, Petitioner filed a Motion to Correct Jail Credit, pursuant to Rule 3.800(b) (Ex. P).  The record does not indicate the disposition of that motion.

On December 10, 2007, Petitioner filed another Rule 3.800(a) motion (Ex. X at 1–13).  The state circuit court summarily denied the motion on January 18, 2008 (*id.* at 14–16).  Petitioner appealed the decision to the Florida First District Court of Appeal ("First DCA"), Case No. 1D08-

---

[2] Specifically, Petitioner was sentenced to 134.8 months in prison, with 219 days of pre-sentence jail credit, followed by a 3-year term of probation on Count 1; a term of five years of probation on Count 4, to run consecutively to the prison sentence on Count 1; and concurrent terms of one year of probation on Counts 2 and 3, to run consecutively to the state prison sentence on Count 1 and concurrently with the probation on Counts 1 and 4 (Exs. G, Q).

742 (*id.* at 37, Ex. W).  The First DCA affirmed the decision per curiam without written opinion on August 21, 2008, with the mandate issuing September 16, 2008 (Exs. W, Y, Z).  Thomas v. State, 989 So. 2d 43 (Fla. 1st DCA 2008) (Table).

On May 23, 2008, Petitioner filed another Rule 3.850 motion (Ex. U at 1–12).  The state circuit court construed the motion as a Rule 3.800(a) motion and summarily denied relief on October 30, 2008 (*id.* at 21–24).  Petitioner appealed the decision to the First DCA, Case No. 1D08-5825 (*id.* at 40, Ex. T).  The First DCA dismissed the appeal on December 31, 2008, for Petitioner's failure to comply with an order directing him to file an amended notice of appeal with a proper certificate of service (Exs. T, V).

Petitioner filed the instant federal habeas action on July 27, 2010 (doc. 1).

II.   EXHAUSTION AND PROCEDURAL DEFAULT

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[3] thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888, 130 L. Ed. 2d 865 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)).  To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim.  Duncan, 513 U.S. at 365–66; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); Picard, 404 U.S. at 277–78.

The Supreme Court has provided lower court with guidance for determining whether a habeas petitioner has met the "fair presentation" requirement.  In Picard v. Connor, the Court held that, for

---

[3]Section 2254 provides, in pertinent part:

(b)(1)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
          (A)  the applicant has exhausted the remedies available in the courts of the State; or
          (B) (i)  there is an absence of available State corrective process; or
              (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.  404 U.S. at 277.  In announcing that "the substance of a federal habeas corpus claim must first be presented to the state courts," *id.*, 404 U.S. at 278, the Court rejected the contention in that case that the petitioner satisfied the exhaustion requirement by presenting the state courts only with the facts necessary to state a claim for relief.

Additionally, the Court has indicated that it is not enough that a petitioner make a general appeal to a constitutional guarantee as broad as due process to present the "substance" of such a claim to a state court.  Anderson v. Harless, 459 U.S. 4, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982).  In Anderson, the habeas petitioner was granted relief by the Sixth Circuit Court of Appeals on the ground that a jury instruction violated due process because it obviated the requirement that the prosecutor prove all the elements of the crime beyond a reasonable doubt.  459 U.S. at 7 (citing Sandstrom v. Montana, 442 U.S. 510, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979)).  The only manner in which the habeas petitioner cited federal authority was by referring to a state court decision in which "the defendant . . . asserted a broad federal due process right to jury instructions that properly explain state law."  Anderson, 459 U.S. at 7 (internal quotation marks omitted).  The Court expressed doubt that a defendant's citation to a state-court decision predicated solely on state law was sufficient to fairly apprise a reviewing court of a potential federal claim merely because the defendant in the cited case advanced a federal claim. *Id.*, 459 U.S. at 7 and n.3.  Furthermore, the Court clarified that such a citation was obviously insufficient when the record satisfied the federal habeas court that the federal claim asserted in the cited case was not the same as the federal claim on which federal habeas relief was sought.  *Id.*

Years later, the Supreme Court readdressed the "fair presentation" requirement in Duncan v. Henry, 513 U.S. 364.  The Duncan Court strictly construed the exhaustion requirement so as to mandate that, if state and federal constitutional law overlap in their applicability to a petitioner's claim, the petitioner must raise his issue in terms of the applicable federal right in state court in order to obtain federal review of the issue.[4]  The Supreme Court explained, "[i]f a habeas petitioner wishes

---

[4] The petitioner in Duncan raised a federal due process claim in his habeas petition, but had raised only a state constitutional claim in his state appeal.  Presented with a state constitutional claim, the state court applied state law in resolving the appeal.  513 U.S. at 366.

to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal, but in state court." Duncan, 513 U.S. at 365–66.  More recently, the Supreme Court again focused upon the requirement of "fair presentation," holding that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so."  Baldwin v. Reese, 541 U.S. 27, 124 S. Ct. 1347, 1351, 158 L. Ed. 2d 64 (2004).  In Baldwin, the Supreme Court recognized that "[a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'"  Id., 541 U.S. at 32.  This language, while not part of the Court's holding, provides helpful instruction.  With regard to this language, the Eleventh Circuit explained in McNair v. Campbell, 416 F.3d 1291 (11th Cir. 2005):

> If read in a vacuum, this dicta might be thought to create a low floor indeed for petitioners seeking to establish exhaustion.  However, we agree with the district court that this language must be "applied with common sense and in light of the purpose underlying the exhaustion requirement[:] 'to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'"  McNair [v. Campbell], 315 F. Supp. 2d at 1184 (quoting Vasquez v. Hillery, 474 U.S. 254, 257, 106 S. Ct. 617, 620, 88 L. Ed. 2d 598 (1986)).  This is consistent with settled law established by the Supreme Court. . . . We therefore hold that "'[t]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'"

416 F.3d at 1302-03 (citations omitted).[5]

The Eleventh Circuit, prior to Duncan, had broadly interpreted the "fair presentation" requirement.  After Duncan, however, the Eleventh Circuit has taken a more narrow approach.  For

---

[5] In his initial brief before the Court of Criminal Appeals, McNair cited one federal case in a string citation containing other state cases, and in a closing paragraph in his argument that extraneous materials were considered by the jury during deliberations, stated that there was a violation of his rights "protected by the Fifth, Sixth, Eighth[,] and Fourteenth Amendments to the United States Constitution, the Alabama Constitution[,] and Alabama law."  McNair v. Campbell, 416 F.3d 1291, 1303 (11th Cir. 2005).  The court found that these references to federal law were not sufficient to meet the fair presentment requirement and noted that it was important that the petitioner had never mentioned the federal standards regarding extraneous materials in his brief, but relied on state law for his arguments. Id.

example, in <u>Zeigler v. Crosby</u>, the court held that the habeas petitioner failed to "fairly present" his juror misconduct claims to the state courts where his brief to the state appellate court did not refer to the federal constitutional issues raised in his federal habeas petition, and none of the cases cited in his direct appeal discussed the United States Constitution.  345 F.3d 1300, 1307 (11th Cir. 2003). The Eleventh Circuit specifically noted that the section of the petitioner's appellate brief which dealt with juror misconduct contained the words:  "Appellant was denied due process and a fair trial. . . .," which could be interpreted as asserting a fair trial claim under the Due Process Clause of the Florida Constitution.  *Id.* at 1308 n.5.  The only cases cited in the discussion of the issue in petitioner's state appellate brief were state supreme court cases that made no mention of the United States Constitution and cited no federal cases.  The court concluded that petitioner's "[c]ursory and conclusional sentence (unaccompanied by citations to federal law), . . . did not present to the Florida courts the federal claim asserted to us."  *Id.*

 An issue that was not properly presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, that is, procedurally barred from federal review.  *See* <u>O'Sullivan</u>, 526 U.S. at 839–40, 848; <u>Bailey v. Nagle</u>, 172 F.3d 1299, 1302–03 (11th Cir. 1999).  This court will also consider a claim procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default. *See* <u>Coleman v. Thompson</u>, 501 U.S. 722, 734–35 and n.1, 111 S. Ct. 2546, 2555 and n.1, 115 L. Ed. 2d 640 (1991); <u>Caniff v. Moore</u>, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."); <u>Chambers v. Thompson</u>, 150 F.3d 1324, 1326–27 (11th Cir. 1998) (applicable state procedural bar should be enforced by federal court even as to a claim which has never been presented to a state court); *accord* <u>Tower v. Phillips</u>, 7 F.3d 206, 210 (11th Cir. 1993); <u>Parker v. Dugger</u>, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L. Ed. 2d 812 (1991).  In the first instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine.  <u>Bailey</u>, 172 F.3d at 1303.  In the second instance, a federal court must determine whether the state's procedural default ruling rested on adequate state grounds independent of the federal question.  *See* <u>Harris v. Reed</u>, 489 U.S. 255, 109 S. Ct. 1038, 1043, 103 L. Ed. 2d 308 (1989).  The adequacy of a state procedural bar to the assertion

of a federal question is itself a federal question.  <u>Lee v. Kemna</u>, 534 U.S. 362, 122 S. Ct. 877, 885, 151 L. Ed. 2d 820 (2002).  The adequacy requirement has been interpreted to mean that the rule must be "firmly established and regularly followed," <u>Siebert v. Allen</u>, 455 F.3d 1269, 1271 (11th Cir. 2006), that is, not applied in an "arbitrary or unprecedented fashion," <u>Judd v. Haley</u>, 250 F.3d 1308,1313 (11th Cir. 2001), or in a manifestly unfair manner. <u>Ford v. Georgia</u>, 498 U.S. 411, 424–25, 111 S. Ct. 850, 858, 112 L. Ed. 2d 935 (1991); <u>Upshaw v. Singletary</u>, 70 F.3d 576, 579 (11th Cir. 1995).

The Eleventh Circuit has set forth a three-part test to determine whether a state court's procedural ruling constitutes an independent and adequate state rule of decision.  <u>Judd v. Haley</u>, 250 F.3d 1308, 1313 (11th Cir. 2001).  First, the last state court rendering judgment must clearly and expressly state it is relying on state procedural rules to resolve the federal claim.[6]  Second, the state court's decision on the procedural issue must rest entirely on state law grounds and not be intertwined with an interpretation of federal law.  Third, the state procedural rule must be adequate.  *Id.*  The adequacy requirement has been interpreted to mean the rule must be firmly established and regularly followed, that is, not applied in an arbitrary or unprecedented fashion.  *Id.*

To overcome a procedural default such that the federal habeas court may consider the merits of a claim, the petitioner must show cause for the default and prejudice resulting therefrom or a fundamental miscarriage of justice. <u>Tower</u>, 7 F.3d at 210; <u>Parker</u>, 876 F.2d 1470.  "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." <u>McCleskey v. Zant</u>, 499 U.S. 467, 497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991) (quoting <u>Murray v. Carrier</u>, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L. Ed. 2d 397 (1986)).  Lack of counsel or ignorance of available procedures is not enough to establish cause.  <u>Tower</u>, 7 F.3d at 210.  To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  <u>Schlup v. Delo</u>, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995).  "To establish the requisite probability, the petitioner must show

---

[6] The federal court should honor the procedural bar even if the state court alternatively reviewed the claim on the merits.  <u>Marek v. Singletary</u>, 62 F.3d 1295, 1302 (11th Cir. 1995); <u>Alderman v. Zant</u>, 22 F.3d 1541 (11th Cir. 1994).

that it is more likely than not that no reasonable juror would have convicted him." Schlup, 513 U.S. at 327.  Further:

> a substantial claim that constitutional error has caused the conviction of an innocent
> person is extremely rare.  To be credible, such a claim requires [a] petitioner to
> support his allegations of constitutional error with new reliable evidence—whether
> it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical
> physical evidence—that was not presented at trial.

Id.

Within this framework, the court will review Petitioner's claims.

III.      PETITIONER'S CLAIMS[7]

A.        Ground Two: "Petitioner was sentenced with an incorrect Criminal Punishment Code
scoresheet."

Ground Three:  "Trial court erred by failing to apply several mitigating factors to
Petitioner's sentence that could have resulted in a downward departure of said sentence."

In Ground Two, Petitioner contends his sentencing scoresheet improperly assessed 2.4 points
for Count 4 (third DUI conviction within ten years) (doc. 1 at 5–6; see also doc. 13, Ex. E).  He
contends his third DUI was charged in the same case as the charge for third DUI within ten years;
therefore, it could not be considered a "prior" conviction (id.).  Petitioner contends he would have
received a lesser sentence had the 2.4 points not been included on his scoresheet, as evidenced by the
fact that he was sentenced to the lowest permissible sentence provided on the scoresheet (id.).

In Ground Three, Petitioner alleges the trial court failed to consider several mitigating factors
set forth in Florida Statutes §§ 921.0026(2)(c), (f), (g), and (j) in imposing sentencing, including (1)
his capacity to appreciate the criminal nature of his conduct or to conform his conduct to the law was
substantially impaired due to his intoxication, (2) the victim participated in and contributed to the
accident, because he was in possession of and under the influence of cannabis, (3) the victim's
intoxication placed Petitioner in a life-threatening situation and under extreme duress, which required
him to take defensive measures that caused injury and death, (4) the accident was committed in an
unsophisticated manner and was an isolated incident, and (5) Petitioner expressed extreme remorse
(doc. 6–7).

_____

[7] The undersigned re-ordered Petitioner's claims for organizational purposes.

Respondent contends neither of these claims is cognizable in federal habeas, because each presents purely an issue of state law (doc. 13 at 7–8). Respondent additionally contends Petitioner failed to properly exhaust the claims in the state courts, because although he raised them in his post-conviction motion filed May 23, 2008, he failed to comply with the appellate court's order to file an amended notice of appeal, which resulted in dismissal of the appeal on procedural grounds (*id.* at 8–11). Respondent argues any attempt to return to state court to exhaust the claims would be futile, because they would be deemed procedurally defaulted if Petitioner raised them in any additional post-conviction application (*id.*). Therefore, the claims are procedurally barred from federal review (*id.*).

Respondent's arguments are well supported by the record. The claims presented here as Grounds Two and Three are purely issues of the trial court's application of Florida's sentencing laws. Federal habeas relief is available to correct only those injuries resulting from a violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67–68, 112 S. Ct. 475, 479–80, 116 L. Ed. 2d 385 (1991) (errors that do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief); Wainwright v. Goode, 464 U.S. 78, 104 S. Ct. 378, 78 L. Ed. 2d 187 (1983); Barclay v. Florida, 463 U.S. 939, 958–59, 103 S. Ct. 3418, 3429, 77 L. Ed. 2d 1134 (1983) ("Mere errors of state law are not the concern of this court . . . unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution.") (citations omitted); Engle v. Isaac, 456 U.S. 107, 102 S. Ct. 2976, 73 L. Ed. 2d 1361 (1981); Carrizales v. Wainwright, 699 F.2d 1053 (11th Cir. 1983). Questions of state law and procedure "rarely raise issues of federal constitutional significance. [A] state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." Tejada v. Dugger, 941 F.2d 1551 (11th Cir. 1991) (quoting Carrizales, *supra*). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process." Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988). State law issues may be reviewed in this federal forum only when the alleged errors were "so critical or important to the outcome of the trial to render the entire trial fundamentally unfair." Tejada, 941 F.2d at 1560. The Supreme Court "ha[s] defined the category of infractions that violate 'fundamental fairness' very narrowly." Estelle, 502 U.S. at 352.

Here, Petitioner's claims that the sentencing court erred by including certain sentencing points and failing to consider statutory mitigating factors involve purely state law issues. Neither claim has a true federal constitutional dimension. This would be true even if Petitioner couched his claims in terms of a federal constitutional violation, which he did not. Therefore, his claims are not cognizable in federal habeas.

Additionally, Petitioner did not exhaust either claim in the state courts. He raised both of them in his Rule 3.850 motion, which the state circuit court construed as a Rule 3.800(a) motion (Ex. U at 1–13). The state circuit court summarily denied the motion, and Petitioner filed a notice of appeal to the First DCA (*id.* at 14–40). The First DCA issued an order dismissing the appeal on the ground that Petitioner failed to respond to the court's order requiring him to file an amended notice of appeal with a proper certificate of service (Ex. V).

The First DCA clearly and expressly stated it was disposing of the appeal on procedural grounds. Further, its dismissal rested entirely on state law grounds and was not intertwined with an interpretation of federal law. Moreover, the  procedural rule authorizing dismissal of an appeal for an appellant's failure to respond to a court order is firmly established and regularly followed; it was not applied in an arbitrary or unprecedented fashion. Therefore, the claims are procedurally defaulted.

As previously discussed, to overcome a procedural default such that the federal habeas court may consider the merits of a claim, Petitioner must show cause for the default and prejudice resulting therefrom or a fundamental miscarriage of justice. *See* Tower, 7 F.3d at 210; Parker, 876 F.2d 1470. "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." McCleskey, 499 U.S. at 497 (internal quotation omitted). Lack of counsel or ignorance of available procedures is not enough to establish cause. Tower, 7 F.3d at 210.

In Petitioner's reply, he contends his pro se status, ignorance of the law, lack of "access," lack of trained staff, and prison transfers caused him to procedurally default his claims (doc. 18 at 3–7). The undersigned rejects Petitioner's contention that his pro se status, lack of legal knowledge, lack of trained staff, and lack of "access" constituted external impediments justifying his failure to exhaust his claim. All Petitioner had to do to avoid dismissal of his post-conviction appeal was file an

amended notice of appeal with a proper certificate of service (*see* Ex. V).  This act did not require Petitioner to think or act like an attorney; nor did it require access to legal materials.  Furthermore, just nine months prior to the First DCA's dismissal, the First DCA had notified Petitioner of the same deficiency in another appeal, Case No. 1D08-742, and Petitioner corrected the deficiency by filing an amended certificate of service (*see* Ex. W).  Petitioner thus had recent knowledge of how to correct the deficiency.  Moreover, in the absence of a specific allegation that Petitioner actually experienced a prison transfer in the month of December of 2008, when he was directed to file an amended notice of appeal, his general assertion that prison transfers caused the default is insufficient to establish cause.

Petitioner having procedurally defaulted Grounds Two and Three in the state courts, and his failure to demonstrate he qualifies for review under any recognized exception to the procedural bar, his claims will not be considered by this court.

B.      Ground One:  "Court erred by sentencing Petitioner to a sentence in excess of the statutory maximum authorized by law."

Petitioner contends the trial court violated his due process rights by counting one of the DUI's in the case at bar as the third DUI for purposes of Count 4 (having a third DUI conviction within ten years, a violation of Florida Statutes § 316.193) (doc. 1 at 4).[8]  He argues none of the DUI's in the case at bar (Counts 1–3) could be considered a "prior" DUI conviction for purposes of  section 316.193, because he was convicted of them in the same proceeding as Count 4 (*id.*).  Petitioner does not state whether or how he raised this claim in the state courts (*id.*).

Respondent contends this claim is not cognizable in federal habeas, because it presents purely an issue of state law (doc. 13 at 7–8).  Respondent additionally contends Petitioner failed to present a federal claim to the state courts (*id.* at 11).  Respondent argues that although Petitioner raised this issue in a Rule 3.800(a) motion filed December 10, 2007, he argued it as purely one of state law, not federal (*id.*).  Therefore, to the extent he attempts to raise a federal claim here, he failed to fairly present a federal claim to the state courts, and the claim is now procedurally defaulted (*id.*).

---

[8] Petitioner concedes he was previously convicted of DUI's on May 18, 1987, and September 10, 1998 (doc. 1 at 4).

Moreover, notwithstanding the failure to exhaust, Respondent contends the claim is without merit (*id.* at 11–12).

Petitioner raised this claim in the same state court proceeding as Grounds Two and Three, *supra* (Ex. U at 3–6).[9]  As previously discussed, the state circuit court summarily denied the motion, Petitioner appealed, and the First DCA dismissed the appeal on the ground that Petitioner failed to respond to the court's order requiring him to file an amended notice of appeal with a proper certificate of service (Ex. V).  For the reasons previously discussed, the undersigned concludes this claim is procedurally defaulted and barred from federal review.

## IV.   CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.       That the petition for writ of habeas corpus (doc. 1) be **DENIED**.

2.       That a certificate of appealability be **DENIED**.

---

[9] Respondent's assertion that Petitioner raised this claim in a Rule 3.800(a) motion filed December 10, 2007, is refuted by the record.  In that motion, Petitioner argued that the 12-year sentence he received on Count 1 plus the 5-year probationary sentence he received on Count 4 constituted a 17-year sentence, which exceeded the 15-year statutory maximum for a second degree felony (Ex. X at 1–5).  That is not the claim he raises in Ground One of his federal petition (*see* doc. 1 at 4).

At Pensacola, Florida, this 5<u>th</u> day of June 2012.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M.  TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**



<u>**NOTICE TO THE PARTIES**</u>

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**